**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert C. DREBIN, Budget Films, Inc.,
Lawrence S. Fine and Bruce M.
Venezia, Defendants-Appellants.**

**No. 75–3475.**

United States Court of Appeals,
Ninth Circuit.

Jan. 23, 1978.

Certiorari Denied May 15, 1978.
See 98 S.Ct. 2232.

Gerald F. Uelmen (argued), Los Angeles, Cal., for defendants-appellants.

Vincent J. Marella, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

ORDER

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,[*] District Judge.

In a petition for rehearing appellants contend, *inter alia*, that agreements between Columbia Pictures and American Broadcasting Company for the right to televise "The Way We Were" (Count Six), "Forty Carats" (Count Eight), and "The Take" (Count Nine) are identical in their provisions to the agreement between the same parties for "Funny Girl", (Count Seven) in *United States v. Wise*, 550 F.2d 1180 (9 Cir. 1977). It is true, as appellants contend, that each of these agreements contains as part of paragraph 9(a) the language: "At ABC's election and cost a file-screening copy shall be retained notwithstanding subparagraph 9(c)." Here, as in *Wise*, there was no evidence as to whether ABC exercised its option, or, if it did, whether it resold that print. We held in *Wise* that in the absence of such proof the Government had failed in its burden of proving absence of a first sale.

This question was not raised in the district court or in the initial briefs filed by appellants in this court. We have had some difficulty in locating the agreements, but find they were introduced in evidence as exhibits. In view of the fact that the Government did not prove the source of appellants' prints, but relied upon its proof that no first sales had been made to anyone, we are obliged to hold, as we did in *Wise*,

[*] Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

that there was a failure of proof with respect to these three films. It is necessary accordingly to reverse the convictions under Counts Six, Eight, and Nine and remand for a new trial on these counts. If the Government is unable to produce proof of the source of appellants' prints of "The Way We Were," "Forty Carats," and "The Take," these counts will be subject to dismissal.

In view of the reversal of the convictions on Counts Six, Eight, and Nine, it is necessary to remand also for resentencing.

The convictions on Counts One, Two, Three, Four, Five, Seven, and Ten[1] are affirmed; the convictions on Counts Six, Eight, and Nine are reversed. The cause is remanded for a new trial on the counts which are reversed and for resentencing on the counts which are affirmed.

The motion for leave to file appellants' petition to reconsider their petition for rehearing and addendum thereto, filed herein on January 9, 1978, is denied.

---

1. Appellants contend that the agreement for telecast of "The New Centurions" (Count Ten) was also identical in its provisions to the agreement for "Funny Girl" (Count Seven in *United States v. Wise*). We find, however, that the agreement for "The New Centurions" did not contain the paragraph 9(a) language, quoted *supra*, but rather contained language similar to the agreement for "Camelot" (Count III in *Wise*), which was found to be a license and not a sale. 550 F.2d at 1191.