715 F.2d 459
 222 U.S.P.Q. 463, 1983 Copr.L.Dec. P 25,583
 UNITED STATES of America, Appellee,
v.
John BELMONT, Appellant.
UNITED STATES of America, Appellee,
v.
Philip Charles BERNSTENE, Appellant.
UNITED STATES of America, Appellee,
v.
Russell HAMPSHIRE, Appellant.
UNITED STATES of America, Appellee,
v.
Walter GERNERT, Appellant.
 Nos. 82-1730, 82-1732, 82-1733 and 82-1734.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 2, 1983.
Decided Sept. 7, 1983.
 
 Stephen S. Trott, Los Angeles, Cal., Gloria C. Phares, Washington, D.C., for appellee.
 Robert Eugene Smith, Michael N. Berke, Encino, Cal., W. Michael Mayock, Los Angeles, Cal., for appellant.
 Appeal from the United States District Court for the Central District of California.
 Before CHOY, GOODWIN and ANDERSON, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 After a bench trial on stipulated facts, John Belmont, Phillip Bernstene, Russell Hampshire and Walter Gernert were convicted of conspiring to commit an offense against the United States, 18 U.S.C. § 371, (transportation of stolen goods in interstate commerce, 18 U.S.C. § 2314), and willfully infringing motion picture copyrights, 17 U.S.C. § 506(a). The charges grew out of sales of videotape cassettes of copyrighted motion pictures.
 
 
 2
 In this consolidated appeal all appellants argue that the government failed to establish the absence of a "first sale," a necessary element of copyright infringement, and that traffic in unauthorized cassettes cannot form the basis of a conviction under 18 U.S.C. § 2314.
 
 
 3
 Bernstene argues that his conviction cannot stand because he was entrapped.
 
 
 4
 Hampshire and Gernert argue that the government failed to establish the $5,000 jurisdictional minimum of § 2314 and that under a strict construction of the stipulation the district court should have convicted them on the misdemeanor copyright count only and not on the felony charge. Hampshire also argues that the evidence was insufficient to establish that he was part of the conspiracy. We affirm.
 
 
 5
 As part of an undercover operation, FBI agents Patrick Livingston and Bruce Ellavasky established Gold Coast Specialties, Inc. in 1977 and pretended to be interested in purchasing pirated motion pictures. The agents primarily dealt with Bernstene, who until 1979 operated Discount Distributors with Gernert and Hampshire. In 1979, Bernstene left Discount Distributors to join TVX Distributors. Gernert and Hampshire established Video Club of America. Belmont was Bernstene's source of motion pictures. The agents bought 442 video cassettes through Discount Distributors and TVX on three separate occasions in February, May and October 1979.
 
 
 6
 The principal issue in this appeal is whether 18 U.S.C. § 2314 applies to the kind of theft involved in this case. It is a federal felony to transport "in interstate or foreign commerce any goods, wares [or] merchandise ... of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud ...." Relying on United States v. Smith, 686 F.2d 234 (5th Cir.1982), appellants argue that transportation of unauthorized copies is not an offense under § 2314. They contend that copyrights are not "goods, wares or merchandise" nor can they be "stolen, converted or taken by fraud" within the meaning of the statute. This argument, however, is foreclosed by Ninth Circuit law, which appellants neither cite nor discuss.
 
 
 7
 In United States v. Drebin, 557 F.2d 1316, 1332 (9th Cir.1977), reh'g denied, 572 F.2d 215, cert. denied, 436 U.S. 904, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978) defendants were convicted under both 18 U.S.C. § 2314 and 17 U.S.C. § 506(a) of crimes involving the wrongful appropriation of motion pictures. Drebin held that copies are goods or merchandise and that illicit copying is theft within the meaning of the statute. Accord United States v. Berkwitt, 619 F.2d 649, 656-58 (7th Cir.1980) (by implication); United States v. Whetzel, 589 F.2d 707, 710 n. 10 (D.C.Cir.1978); United States v. Atherton, 561 F.2d 747, 752 (9th Cir.1977); United States v. Sam Goody, Inc., 506 F.Supp. 380, 387-91 (E.D.N.Y.1981).
 
 
 8
 We recognize that in Drebin the original copyrighted works were in fact stolen whereas here most of the copying was "off the air" with no proof of interstate transportation of stolen originals. The distinction between "off the air" copying and stealing of original copyrighted works was the basis upon which the Smith court distinguished Drebin. Smith, 686 F.2d at 243 n. 17. We do not find the distinction meaningful in terms of the purpose of the statute. The evil which Congress addressed in the National Stolen Property Act was the interstate traffic in stolen property. The rights of copyright owners in their protected property are just as deserving of protection from interstate transportation as are the ownership interests of those who own other types of property.[1] When society creates new kinds of property and thieves devise new ways of appropriating that property to their own use, the law against transporting property expands with the growth in the varieties of property. There is no utility in the sort of sterile formality urged upon us by these defendants. A large percentage of the world supply of entertainment property is generated within this circuit. If, indeed, the Fifth Circuit takes a different view of the matter, we are not bound to follow it.
 
 
 9
 We also recognize that after Drebin was decided Congress enacted new copyright legislation that increases the penalties for copyright infringement.[2] Appellants argue that this action evidences congressional intent or understanding that the § 2314 does not reach copyright infringement.
 
 
 10
 The argument is unpersuasive. Congress' concern about criminal copyright violations contains no evidence of intent to limit the scope of § 2314. Rather, the new Piracy Act evidences the contrary intent: "Whoever violates section 506(a) ... shall be punished as provided in subsection (b) of this section and such penalties shall be in addition to any other provisions of title 17 or any other law." 18 U.S.C. § 2319(a).[3] It is also a cardinal principle of construction that repeals by implication are not favored. "When there are two acts upon the same subject, the rule is to give effect to both if possible.... The intention of the legislature to repeal 'must be clear and manifest.' " United States v. Borden Co., 308 U.S. 188, 198-99, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939) (quoting Red Rock v. Henry, 106 U.S. 596, 601-02, 1 S.Ct. 434, 438-39, 27 L.Ed. 251 (1883)).
 
 
 11
 In view of the clear intent of Congress to treat the wrongful copying of sound and video tapes and motion picture materials as a species of theft, it is only logical to hold that the interstate transportation of the stolen copies is a violation of § 2314.
 
 
 12
 None of the other issues in the case justifies extended comment. The government proved by abundant circumstantial evidence that the tapes had an illegitimate origin. The government's case sufficiently demonstrated the absence of a first sale. United States v. Moore, 604 F.2d 1228, 1232-33 (9th Cir.1979).
 
 
 13
 Bernstene was not entrapped. The government proved that he was predisposed to commit the crime. See United States v. Shapiro, 669 F.2d 593, 597 (9th Cir.1982).
 
 
 14
 Because there was only one overall conspiracy, the district court properly aggregated the value of all shipments in determining whether the jurisdictional amount required by § 2314 had been satisfied. See Schaffer v. United States, 362 U.S. 511, 517, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960). The amount of the sales far exceeded the $5,000 limit, and the sale price is valid evidence of the value. Even after deducting the cost to the thieves of any blank tapes that they purchased, the added value of the tapes which resulted from the piracy exceeded the limit.
 
 
 15
 Evidence of at least a slight connection of Hampshire to the conspiracy was sufficient to make him liable. See United States v. Dunn, 564 F.2d 348, 356-57 (9th Cir.1977).
 
 
 16
 Finally, Hampshire and Gernert's argument that under the stipulation the district court should have convicted them on the misdemeanor copyright count only and not on the felony § 2314 charge is frivolous. The stipulation is not ambiguous; it allows the district court to convict on both counts or on only one count.
 
 
 17
 The judgments are affirmed.
 
 
 
 [1]
 Cf. United States v. Greenwald, 479 F.2d 320, 322 (6th Cir.) (theft of chemical formulations within the National Stolen Property Act), cert. denied, 414 U.S. 854, 94 S.Ct. 154, 38 L.Ed.2d 104 (1973); United States v. Seagraves, 265 F.2d 876, 880 (3d Cir.1959) (the phrase "goods, wares, merchandise" in 18 U.S.C. § 2314 comprehends all personal property that is "ordinarily a subject of commerce")
 
 
 [2]
 After Drebin was decided, the new Copyright Act of 1976 came into effect, Pub.L. No. 94-553, 90 Stat. 2541 (effective Jan. 1, 1978) and Congress enacted the Piracy and Counterfeiting Amendments Act of 1982, Pub.L. No. 97-180, 96 Stat. 91 (amending 17 U.S.C. § 506(a), 18 U.S.C. § 2318 and adding 18 U.S.C. § 2319)
 
 
 [3]
 The Senate Judiciary Committee specifically added the italicized language quoted in the text to make clear that the Piracy Act "supplement[s] existing remedies contained in the copyright law or any other law." S.Rep. No. 274, 97th Cong., 2nd Sess. 2, reprinted in 1982 U.S.Code Cong. & Ad.News 127, 128