**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dorian Douglas WHALEY,**
**Defendant-Appellant.**

**No. 85–5026.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 1986 *.

Decided April 25, 1986.

App.P. 34(a) and Ninth Circuit Rule 3(f).

Bruce Castetter, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

David P. Curnow, Jennings, Engstrand, & Henrikson, San Diego, Cal., for defendant-appellant.

Before WALLACE, HUG, and NORRIS, Circuit Judges.

HUG, Circuit Judge:

Appellant Dorian Whaley was convicted under 18 U.S.C. § 2314 for transporting a stolen trimaran from Coronado, California to Cedros Island, Mexico. He now appeals the conviction, arguing that (1) the indictment was invalid because a boat is not "goods, wares, [or] merchandise" for purposes of section 2314; (2) he did not receive a speedy trial as required by 18 U.S.C. § 3161; and (3) he was denied effective assistance of counsel. We affirm.

First, Whaley contends that his indictment was improper because a trimaran is not "goods, wares, [or] merchandise" for purposes of 18 U.S.C. § 2314. He thus raises a question of law, which this court reviews *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

In enacting section 2314, Congress intended to extend the National Motor Vehicle Theft Act to cover all stolen property over a certain value which is knowingly transported across state or international boundaries. *See United States v. Taylor*, 178 F.Supp. 352, 353–55 (E.D. Wis.1959). Courts have given effect to this broad congressional intent by interpreting "goods, wares, [or] merchandise" as "a general and comprehensive designation of such personal property or chattels as are ordinarily a subject of commerce." *United States v. Seagraves*, 265 F.2d 876, 880 (3d Cir.1959); *United States v. Greenwald*, 479 F.2d 320, 322 (6th Cir.), *cert. denied*, 414 U.S. 854, 94 S.Ct. 154, 38 L.Ed.2d 104 (1973). More specifically, the Fifth Circuit has upheld a conviction under section 2314 for transportation of a stolen sailboat. *United States v. Celcer*, 500 F.2d 345 (5th Cir.1974), *cert. denied*, 421 U.S. 911, 95

S.Ct. 1563, 43 L.Ed.2d 776 (1975). We agree that a boat or trimaran is "goods, wares, [or] merchandise" for purposes of section 2314 and thus find Whaley's indictment valid.[1]

The fact that Whaley's actions might be covered by other sections does not affect this outcome. As we noted in *United States v. Stearns*, 550 F.2d 1167, 1172–73 (9th Cir.1977), separate convictions may be sustained under section 2314 and 18 U.S.C. § 661 because the offenses require proof of different elements. In addition, 18 U.S.C. §§ 2273 (destruction of vessel by nonowner), 2274 (destruction of vessel by person in charge), and 2278 (breaking and entering vessel) also require proof of at least one different element, that the acts occurred within the maritime and admiralty jurisdiction of the United States. Thus, under *Stearns*, the fact that Whaley might have been indicted for other crimes does not affect the validity of his indictment under section 2314.

Whaley next contends that the district court improperly excluded time in computing the seventy-day period established by the Speedy Trial Act, 18 U.S.C. § 3161 et seq. He argues that none of the ninety-eight days between his arraignment on July 6, 1984 and his trial on October 11 should have been excluded because the district court did not meet the standards set for the section 3161(h)(8)(A) "ends of justice" exclusion, which require that the court specifically set forth the reasons for its actions.

However, the Speedy Trial Act also provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" "*shall* be excluded" from the seventy-day period. 18 U.S.C. § 3161(h)(1)(F) (emphasis added). We find that the time attributable to pending motions is properly excludable. Here, at least forty-three days

may be attributed to Whaley's motions to dismiss (August 2–September 4; October 1–10); when these are subtracted from the ninety-eight days between Whaley's arraignment and trial, only forty-five days are counted toward the seventy-day period. Thus, Whaley was tried within the time frames set by section 3161.

Finally, Whaley argues that the district court's denial of his October 10 motion to substitute counsel deprived him of effective assistance of counsel. "A district court's refusal to substitute counsel is reviewed for abuse of discretion." *United States v. Rogers*, 769 F.2d 1418, 1423 (9th Cir.1985) (citation omitted). This court will consider the following factors in reviewing such a denial: (1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the attorney-client conflict was so great that it resulted in a total lack of communication preventing an adequate defense. *Id.*

We first note that Whaley made the motion orally just prior to trial, when the court was prepared to call jurors and begin *voir dire*. We further note that the judge took a short recess to consider Whaley's complaint, and then heard statements from Whaley, his attorney Michael Squibb, and the Government's attorney before denying the motion. Finally, we find that while Squibb may not have kept his appointments with Whaley and initially disagreed with him on the bail review motion, he effectively represented Whaley, through motion and argument, during the pretrial proceedings and conducted an adequate defense at trial. We also find that when difficulties with Squibb's representation occurred during the post-trial proceedings, the district court acted quickly to minimize any potential prejudice to Whaley by appointing other counsel and by accommodating other delays occasioned by Squibb's nonappearance. Whaley cannot show ineffective assistance

---

1. Whaley's argument that, because a boat is self-propelled, it is instead covered by section 2312, is meritless. Section 2312 covers a narrower class of goods than does section 2314; merely because a boat might arguably be covered by section 2312 does not preclude coverage by section 2314 as well.

of counsel absent demonstrated prejudice. *Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).

The district court's judgment is AFFIRMED.