UNITED STATES of America, Appellee,

v.

Philip Anthony STEGORA, Appellant.

No. 87–5156.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1987.

Decided Feb. 11, 1988.

Marc Kurzman, Minneapolis, Minn., for appellant.

Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ARNOLD, FAGG, and BEAM, Circuit Judges.

FAGG, Circuit Judge.

Philip Anthony Stegora appeals from his convictions on multiple counts of both interstate transportation of stolen property, 18 U.S.C. § 2314, and mail fraud, 18 U.S.C. § 1341. We affirm.

In 1984 3M Company (3M) invented a synthetic casting material for use by orthopedic surgeons to repair broken bones. Approximately three months before the scheduled market release of the product, Stegora, a 3M employee, stole samples of the casting material from the company's laboratory. He then sent letters to 3M's competitors stating that a new and innovative product would soon be on the market. Stegora enclosed samples of the casting material in each letter and also offered his services as a consultant for a fee of $20,000.

With regard to his convictions under section 2314, Stegora does not dispute that he stole the samples and transported them in interstate commerce. Stegora simply argues the samples did not meet the $5000 monetary requirement under section 2314. We disagree.

Ordinarily, market value is used to determine the value of the stolen property.

*Husten v. United States*, 95 F.2d 168, 171 (8th Cir.1938). "But where an exceptional type of goods that has no market value is the subject matter of the indictment, any reasonable method may be employed to ascribe an equivalent monetary value to the items." *United States v. Lester*, 282 F.2d 750, 755 (3d Cir.1960), *cert. denied*, 364 U.S. 937, 81 S.Ct. 385, 5 L.Ed.2d 368 (1961). Furthermore, it does not matter "that the item owes a major portion of its value to an intangible component." *Dowling v. United States*, 473 U.S. 207, 216, 105 S.Ct. 3127, 3132, 87 L.Ed.2d 152 (1985); *see generally United States v. Greenwald*, 479 F.2d 320 (6th Cir.) (secret chemical formulae), *cert. denied*, 414 U.S. 854, 94 S.Ct. 154, 38 L.Ed.2d 104 (1973); *United States v. Seagraves*, 265 F.2d 876 (3d Cir.1959) (geophysical maps identifying possible oil deposits).

In determining value under section 2314, development and production costs as well as revenues may be considered. *See United States v. Drebin*, 557 F.2d 1316, 1328 (9th Cir.1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978). Additionally, this court has approved the use of a thieves' market as a proper means of valuing stolen goods. *See United States v. Jackson*, 576 F.2d 749, 757 (8th Cir.), *cert. denied*, 439 U.S. 828, 858, 99 S.Ct. 102, 175, 58 L.Ed.2d 122, 167 (1978).

Here, the evidence established that 3M spent in excess of one million dollars for research, development, and manufacturing equipment to market the product. This evidence was augmented by expert testimony that the product's value would be measured by the sum of these expenditures and that a license to produce a product using 3M's technology would cost $150,000 per million dollars of sales. Finally, evidence at trial established that sale of the product in the thieves' market would bring substantially more than $5000. Thus, we have no difficulty in concluding the evidence of value was sufficient to satisfy the monetary requirement of the statute.

Stegora also claims the court committed error in refusing to instruct the jury

regarding the definition of the term "patent pending" and that patent protection relates back to the date of invention. The instructions tendered by Stegora were nothing more than abstract statements of law; thus, the district court did not abuse its discretion in refusing Stegora's requests. *See Turner v. Burlington N.R.R.*, 771 F.2d 341, 346 (8th Cir.1985).

Regarding Stegora's mail fraud convictions, Stegora argues the district court improperly failed to give a requested instruction. Stegora also claims the evidence was insufficient to support the convictions. We have considered Stegora's claims and find them to be without merit.

Accordingly, we affirm Stegora's convictions in all respects.