996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl BROWN, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 92-56060.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Earl Brown, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Brown was convicted of five counts of forcible rape with a special allegation that he acted in concert with another. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Denial of Substitution of Counsel
 
 3
 Brown contends that he was denied his rights to due process and effective assistance of counsel when the trial court denied his motion to substitute counsel. This contention lacks merit.
 
 
 4
 In reviewing a denial of a request for substitute counsel, we consider the timeliness of the motion, the adequacy of the trial court's inquiry into the matter, and whether any conflict between the defendant and his attorney was so great that it prevented presentation of an adequate defense. United States v. Whaley, 788 F.2d 581, 583 (9th Cir.), cert. denied, 479 U.S. 962 (1986); Hudson v. Rushen, 686 F.2d 826, 831 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983). Counsel's performance is constitutionally inadequate if the petitioner can demonstrate that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 5
 Here, Brown did not request substitute counsel until the first day of trial, which the trial court determined was untimely. This finding is entitled to a presumption of correctness unless Brown demonstrates that it is clearly erroneous. See 28 U.S.C. § 2254(d). The trial court asked Brown why he was dissatisfied with his attorney, to which Brown responded that counsel would not make a motion to dismiss the case because his right to a speedy trial had been violated and that he would not ask certain questions of the physician who examined the victim. The court determined that Brown's right to a speedy trial had not been violated because his counsel had a genuine concern about Brown's competency and requested an evaluation of Brown which did not take place until after the speedy trial date had expired. The court also found that the questions Brown requested counsel to ask of the physician would most likely prejudice Brown's case. The court then denied the motion to substitute counsel.
 
 
 6
 The court's denial of the motion to substitute counsel was proper. Brown's has not demonstrated that the trial court's finding that his request was untimely is clearly erroneous. See 28 U.S.C. § 2254(d). The trial court's inquiry into the matter was adequate, and Brown cannot demonstrate prejudice from his counsel's failure to comply with his requests. See Strickland, 466 U.S. at 694. Accordingly, Brown has not demonstrated that he was deprived of due process. See Whaley, 788 F.2d at 583.
 
 
 7
 Ineffective Assistance of Counsel on Appeal
 
 
 8
 Brown contends that his appellate counsel was ineffective in failing to raise the ineffectiveness of his trial counsel. Specifically, Brown contends that trial counsel was ineffective in failing to call the doctor who examined the victim as a witness. This contention lacks merit.
 
 
 9
 To claim ineffective assistance of counsel, a petitioner must show that counsel's performance fell below that of a reasonable attorney and, but for counsel's performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 690-92. This standard applies to appellate counsel. Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989).
 
 
 10
 Brown testified at trial that, although there was sexual intercourse between himself and the victim, it was consensual. The examining doctor's report indicated that the victim had suffered an abrasion on her lower back, which is consistent with the victim's trial testimony that she was dragged on her back to an alley and forcibly raped. Brown has not demonstrated how the doctor's testimony would have worked to his benefit, and it is more likely that it would have prejudiced his defense. Therefore, Brown has not demonstrated that he was prejudiced by his appellate counsel's failure to raise ineffective assistance of trial counsel on appeal. See Strickland, 466 U.S. at 694.
 
 Improper Jury Instructions
 
 11
 Brown's final contention is that he was denied due process because the jury was improperly instructed. This contention lacks merit.
 
 
 12
 In order to demonstrate a due process violation based upon an improper jury instruction, a petition must demonstrate that the instruction "so infected the entire trial that the resulting conviction violates due process", rendering the trial fundamentally unfair. Cupp v. Naughten, 414 U.S. 141, 146 (1973); Prantil v. California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 13
 Here, Brown claims that the trial court erroneously failed to instruct the jury that the prosecution was required to prove beyond a reasonable doubt that his accomplice penetrated the victim in order to find that Brown acted in concert with him. The jury, however, was instructed that it must find Brown guilty beyond a reasonable doubt and that acting in concert was defined as aiding and abetting another with knowledge of an unlawful purpose. In addition, the jury was fully instructed on the elements of rape. Brown fails to show how the absence of his requested instruction in light of the instructions given at trial rendered the trial fundamentally unfair. See Prantil, 843 F.2d at 317. Accordingly, Brown's contention lacks merit.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3