JUSTICE McKINNON,
specially concurring.
¶38 I write separately with respect to the Court’s resolution of Issue 1, believing our analysis to be flawed, our precedent inconsistent, and that a clear and workable standard to be applied at trial should be enunciated. It is unclear to me how the Court can conclude that an “adequate inquiry” was conducted by the District Court without any observation of what the substance of the inquiry entails. Regarding Issue 2, I agree that Cheetham’s claim is not record-based and therefore is not reviewable on direct appeal.
¶39 Our precedent informing a trial judge of what standard to employ when presented with a motion for substitution of counsel during trial is confusing, if not impossible to follow. We compound that problem today by continuing to blend an ineffectiveness claim with a substitution claim, despite claiming the two are distinct. Opinion, ¶¶ 14, 27, 28. While our precedent consistently emphasizes the need to conduct an adequate initial inquiry when a motion for substitution of counsel has been made, in my opinion, we have been careless in articulating the standard to be applied by a trial judge in resolving such a motion. In some cases the standard we enunciate requires a “total lack of communication,” Zackuse, 250 Mont. at 385-86; State v. Molder, 2007 MT 41, ¶ 33, 336 Mont. 91, 152 P.3d 722; others a “total lack of communication or ineffective assistance of counsel,” Dethman, ¶ 16 (emphasis added); and still others only an “ineffective assistance of counsel” inquiry, Gallagher, ¶ 26, MacGregor, ¶¶ 25-26. Today, while claiming to observe a distinction between an ineffective assistance of counsel claim and one grounded in a breakdown of communication between counsel and client, Opinion, ¶ 27, we nonetheless continue to inject Stickland standards into a motion for substitution. While precedent regarding ineffectiveness claims informs *13 our understanding of the right to substitution, a judge should not be required to conduct a collateral proceeding during the pendency of a trial, which is more appropriately handled through a postconviction proceeding. Our decision is therefore flawed in that we continue to incorporate the Strickland ineffective assistance standard, requiring both deficient performance and prejudice to the defendant, without setting forth any analytical distinction from a substitution claim. However, we then fail to apply the two prong test to the facts, choosing instead to find that Cheetham did not raise a “ ‘seemingly substantial’ complaint of ineffective assistance.” Opinion, ¶ 28. Under these circumstances, we would be well advised to accept guidance, as the State urges, from the federal courts and enunciate a standard premised upon correct constitutional principles for resolving substitution claims.
¶40 A motion for substitution of counsel is concerned, not with the defendant’s freedom of choice or with whether the attorney and client have a “meaningful relationship,” Morris v. Slappy, 461 U.S. 1, 14, 103 S. Ct. 1610, 1617 (1983), but rather with a breakdown of the attorney-client communication sufficient enough to frustrate the original purpose of the appointment—the mounting of an adversarial defense. “The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free.” Herring v. New York, 422 U.S. 853, 862, 95 S. Ct. 2550, 2554 (1975). “It is that ‘very premise’ that underlies and gives meaning to the Sixth Amendment. It ‘is meant to assure fairness in the adversary criminal process.’ ” United States v. Cronic, 466 U.S. 648, 655-56, 104 S. Ct. 2039, 2045 (1984) (quoting United States v. Morrison, 449 U.S. 361, 364, 101 S. Ct. 665, 667 (1981)). The defendant’s Sixth Amendment right to substitution of counsel arises because the initial appointment has ceased to constitute Sixth Amendment assistance of counsel. The Sixth Amendment guarantees not simply counsel, but “the Assistance of Counsel for defense.” U.S. Const, amend. VI (emphasis added). “The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman... requires the guiding hand of counsel at every step in the proceedings against him.” Powell v. Alabama, 287 U.S. 45, 68-69, 53 S. Ct. 55, 64 (1932). Accordingly, where the communication between counsel and defendant has become so compromised that mounting of a defense becomes impossible, the defendant is neither receiving the assistance of counsel nor being heard by counsel.
*14 ¶41 The United States Supreme Court has repeatedly held that a defendant’s Sixth Amendment right to counsel is violated if the defendant is unable to communicate with his or her counsel during key trial preparation times. See Riggins v. Nevada, 504 U.S. 127, 144, 112 S. Ct. 1810, 1820 (1992) (Kennedy, J., concurring) (“We have held that a defendant’s right to the effective assistance of counsel is impaired when he cannot cooperate in an active manner with his lawyer. The defendant must be able to provide needed information to his lawyer and to participate in the making of decisions on his own behalf.”) (citations omitted); Cronic, 466 U.S. at 659 n.25, 104 S. Ct. at 2047 (“The Court has uniformly found constitutional error without any showing ofprejudice when counsel was ... prevented from assisting the accused during a critical stage of the proceeding.”); Geders v. United States, 425 U.S. 80, 91, 96 S. Ct. 1330, 1337 (1976) (holding that trial judge’s order that counsel could not communicate with defendant during overnight recess in the middle of trial violated defendant’s Sixth Amendment right). The Ninth Circuit has similarly recognized that “to compel one charged with grievous crime to undergo a trial with the assistance of an attorney with whom he has become embroiled in irreconcilable conflict is to deprive him of the effective assistance of any counsel whatsoever.” Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970). As the court held in Daniels v. Woodford, 428 F.3d 1181, 1198 (9th Cir. 2005):
Where a criminal defendant has, with legitimate reason, completely lost trust in his attorney, and the trial court refuses to remove the attorney, the defendant is constructively denied counsel. This is true even where the breakdown is a result of the defendant’s refusal to speak to counsel, unless the defendant’s refusal to cooperate demonstrates ‘unreasonable contumacy.’
(Citation omitted.)
¶42 Although the Supreme Court has observed that the Sixth Amendment right to the effective assistance of counsel is recognized not for its own sake, but for the effect of the challenged conduct on the reliability of the trial process, there are “circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.” Cronic, 466 U.S. at 658, 104 S. Ct. at 2046. The Supreme Court thus recognized that a per se Sixth Amendment violation may arise where, “although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.” Cronic, 466 U.S. at 659-60, 104 S. Ct. at *15 2047.
¶43 The test that has emerged within the various federal jurisdictions for substitution motions, which presume prejudice and a per se violation of the Sixth Amendment or “constructive” denial of counsel, is whether an irreconcilable conflict between counsel and defendant, an actual conflict of interest on the part of counsel, or a complete breakdown in communication between counsel and the defendant has occurred.[1] “To warrant substitute counsel, a defendant must show ... ‘a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.’ ” United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992) (citations omitted), cert. denied, 506 U.S. 1011, 113 S. Ct. 632 (1992). See also United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986), cert. denied, 479 U.S. 846, 107 S. Ct. 164 (1986); United States v. Whaley, 788 F.2d 581, 583 (9th Cir. 1986), cert. denied, 479 U.S. 962. 107 S. Ct. 458 (1986). The test is essentially whether the trial judge should have granted a substitution motion because of an irreconcilable conflict.
¶44 In evaluating whether a court has abused its discretion in denying a substitution request for any of these three reasons, the following facts and circumstances should be considered: timeliness of the motion, adequacy of the court’s inquiry into the defendant’s complaint, and whether the attorney-client conflict was so great that it resulted in total lack of communication preventing an adequate defense. Allen, 789 F.2d at 92; Whaley, 788 F.2d at 583; Daniels, 428 F.3d at 1197-98. It is clear that a conflict over defense tactics and trial strategy could serve as the catalyst leading to a total breakdown in communication or irreconcilable conflict. The inquiry accordingly must focus on whether the serious breakdown in communication results in an inadequate defense and not whether the trial court is of the opinion that defense counsel is competent. Within this framework, the court is not required to inquire of counsel or defendant regarding issues of trial strategy or matters protected by the attorney-client privilege, except to the degree *16 they may have resulted in an irreconcilable breakdown in communication between attorney and client.
¶45 Based on the foregoing, I cannot agree that the Court’s analysis dispenses with the need to adopt a clear standard regarding the substance of the inquiry as the federal courts have. Opinion, ¶ 29 n.2. In my opinion, it is a mistake to continue to blend an ineffectiveness claim under Strickland with a request for substitution of counsel and, in doing so, we have perpetuated confusing precedent when given the explicit invitation from the State to provide clarity. I would accordingly set forth a standard warranting substitution of counsel when there is an irreconcilable conflict between counsel and defendant, a conflict of interest on the part of counsel, or a complete breakdown in communication between counsel and the defendant. In evaluating whether a court has abused its discretion in denying a substitution motion, the following circumstances are relevant: the timeliness of the motion, the adequacy of the court’s inquiry, and the degree to which the irreconcilable conflict has prevented the mounting of an adequate defense. I believe such a standard is premised upon sound constitutional principles underlying the Sixth Amendment and Supreme Court precedent.
¶46 As the District Court actually determined that there was “no total breakdown of communication” between attorney and client, I believe the court employed the correct analysis and would affirm.

 A conflict of interest warranting substitution requires the defendant to show an actual conflict of interest which adversely affects his lawyer’s performance. See Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980). If there is only a potential for conflict, prejudice is not presumed and a defendant must meet the performance and prejudice standard of Strickland. Furthermore, defendants need not show prejudice when the breakdown of a relationship between attorney and client from irreconcilable differences results in the complete denial of counsel. See Frazer v. United States, 18 F.3d 778, 785 (9th Cir. 1994).