JUSTICE McKINNON,
specially concurring.
¶48 I agree with the Court’s resolution of all issues in these proceedings, with the exception of the first issue regarding substitution of counsel. I continue to believe that the Court fails to properly enunciate a standard by which the trial court may assess the merits of such a motion. See generally Cheetham, ¶¶ 38-46 (McKinnon, J., specially concurring). Here, while the Court states that “we do not *15 examine whether counsel was ineffective,” Opinion, ¶ 25, we nonetheless continue to allow for substitution of counsel if the defendant can demonstrate “ineffective assistance of counsell.I” Opinion, ¶ 24. Our inconsistency and unwillingness to properly differentiate between an ineffective assistance of counsel claim, appropriately raised in a collateral postconviction proceeding, and a request for substitution of counsel, raised during the pendency of trial, leaves the trial court and litigants without the appropriate guidance they should receive from this Court. Failure to adequately distinguish the two types of inquiries will continue to require collateral proceedings during the pendency of a trial and issuance of Gillham orders, both of which were done here. In my opinion, it is time to clearly state for the trial courts and litigants what standard to employ when conducting an “adequate initial inquiry.” Dethman, ¶ 16; Opinion, ¶ 23.
¶49 Our precedent informing a trial judge of the inquiry necessary when presented with a motion for substitution of counsel during trial is confusing, if not impossible to follow. We compound that problem today by continuing to blend an ineffectiveness claim with a substitution claim. While our precedent consistently emphasizes the need to conduct an adequate initial inquiry when a motion for substitution of counsel has been made, we have been careless in articulating the standard to be applied by a trial judge in resolving such a motion. We continue in that tradition today. In some cases, our enunciated standard requires a “total lack of communication,” State v. Molder, 2007 MT 41, ¶ 33, 336 Mont. 91, 152 P.3d 722; others a “total lack of communication or ineffective assistance of counsel,” Dethman, ¶ 16, (emphasis added); and still others only an “ineffective assistance of counsel” inquiry, Gallagher, ¶ 24, MacGregor, ¶¶ 25-26.
¶50 We were urged by the State in Cheetham to enunciate a clear standard for substitution requests. The State referred this Court to the well-reasoned authority of federal courts and the United States Supreme Court and urged us to enunciate a clear standard. Instead, we chose to dodge the bullet by concluding it was “unnecessary to adopt a new standard in this case” because “the court’s initial inquiry did not reveal serious questions as to whether [defense counsel] performed the role of counsel envisioned by the Sixth Amendment!.]” Cheetham, ¶ 28, n.2. As I contended in Cheetham, I do not know how we assess whether counsel performed “the role of counsel envisioned by the Sixth Amendment” when we fail to articulate a clear standard to assess the substitution request and continue to blend the request with an ineffective assistance of counsel claim.
*16 ¶51 In federal jurisprudence, prejudice is presumed and a per se violation of the Sixth Amendment based upon a “constructive” denial of counsel arises whenever there is (1) an irreconcilable conflict between counsel and defendant; (2) an actual conflict of interest on the part of counsel; or (3) a complete breakdown in communication between counsel and the defendant. “To warrant substitute counsel, a defendant must show... ‘a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.’ ” United States v. Swinney, 970 F.2d 494, 499 (8th Cir.), cert. denied, 506 U.S. 1011, 113 S. Ct. 632 (1992) (citations omitted). See also United States v. Allen, 789 F.2d 90, 92 (1st Cir.), cert. denied, 479 U.S. 846, 107 S. Ct. 164 (1986); United States v. Whaley, 788 F.2d 581, 583 (9th Cir.), cert. denied, 479 U.S. 962, 107 S. Ct. 458 (1986). The test, which is rooted in the breakdown of the attorney-client communication sufficient enough to frustrate the original purpose of the appointment, is essentially whether the trial judge should have granted a substitution motion because of an irreconcilable conflict. Daniels v. Woodford, 428 F.3d 1181, 1197 (9th Cir.), cert. denied, 550 U.S. 968, 127 S. Ct. 2876 (2007).
¶52 In my opinion, we do a disservice to the trial courts and the litigants who appear before them, when, after observing the inappropriate practice of granting a Gillham order and conducting an ineffective assistance of counsel hearing during the pendency of a trial, we nonetheless persist in failing to establish a standard by which to assess the request. I would, as the federal courts have, set forth a standard warranting substitution of counsel when there is an irreconcilable conflict between counsel and defendant, a conflict of interest on the part of counsel, or a complete breakdown in communication between counsel and the defendant. In evaluating whether a court has abused its discretion in denying a substitution motion, the following circumstances are relevant: the timeliness of the motion, the adequacy of the court’s inquiry, and the degree to which the irreconcilable conflict has prevented the mounting of an adequate defense. Allen, 789 F.2d at 92; Whaley, 788 F.2d at 583; Daniels, 428 F.3d at 1197-98. I believe such a standard is premised upon sound constitutional principles underlying the Sixth Amendment and Supreme Court precedent.
¶53 For the aforesaid reasons, I specially concur in the decision reached by the Court regarding issue one. As to the remaining issues, I concur.