UNITED STATES of America, Appellee,

v.

Norman C. ALLEN, Defendant, Appellant.

No. 85–1275.

United States Court of Appeals, First Circuit.

Argued March 3, 1986.

Decided May 2, 1986.

Tobin N. Harvey, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., was on brief for appellee.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,* Senior Judge.

COFFIN, Circuit Judge.

Norman Allen appeals from a conviction entered in federal court in the District of Massachusetts on charges involving the possession of marijuana in violation of 21 U.S.C. §§ 846, 955c, 960, and 963. Appellant claims that his Sixth Amendment right to effective assistance of counsel was violated by the district court's failure to inquire adequately into his request for substitute counsel or self-representation.

On September 20, 1984, appellant was indicted and appeared for arraignment before a United States Magistrate. Having determined that appellant was indigent, the magistrate appointed Federal Defender Owen Walker to represent appellant. Over the next four months, Walker filed various motions on appellant's behalf.

On February 7, 1985, the clerk's office of the district court received a letter from the appellant, apparently intended for the magistrate.[1] Basically, the letter describes appellant's dissatisfaction with his appointed lawyer. Appellant believed that his lawyer's suggestion to change the plea to guilty indicated that the lawyer had deemed appellant guilty. Appellant concluded the letter as follows:

> "At this time I am in no position to hire an attorney, because I don't have any money. With the proper defense, I'm sure I can prove my innocence and be exonerated of this crime.
>
> Right now I'm sitting here alone, confused, and not knowing in what direction to turn; asking myself, How much justice can I afford?
>
> I think you have the only answer to that question."

James B. Dolan, by Appointment of the Court, with whom Badger, Sullivan, Kelley & Cole was on brief for defendant, appellant.

* Of the United States Court of International Trade, sitting by designation.

1. Although appellant begins the letter "Your Honor", he refers to his arraignment before the addressee, and makes repeated third-person references to the district judge.

Appellant did not file a motion for leave to withdraw or substitute counsel or a motion for continuance.

On February 21, 1985, the district court conducted a pre-trial colloquy with appellant and Walker. After summarizing his reaction to appellant's letter, the district judge solicited Walker's views.[2] The court next asked appellant if he had anything to add to his letter or to the court or Walker's observations.[3] After brief comments by appellant, Walker discussed his readiness for trial. Interpreting appellant's comments as a request for continuance, the district court denied the motion, satisfied as to Walker's preparedness for trial. The court noted that a continuance could be had at any point during the trial if appellant did not believe Walker was adequately prepared on a particular issue.

■ Appellant first argues that his Sixth Amendment right to effective assistance of counsel was violated by the district court's failure to inquire adequately into his request for substitute counsel. As an indigent defendant, appellant did have the right to be represented by counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), but he did not have a right to have a particular lawyer represent him, *United States v. Poulack,* 556 F.2d 83 (1st Cir.1977), nor to demand a different appointed lawyer except for good cause, *United States v. Young,* 482 F.2d 993, 995 (5th Cir.1973).[4]

■ Where the accused voices objections to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction. *Thomas v. Wainwright,* 767 F.2d 738, 741 (11th Cir.1985); *Young,* 482 F.2d at 995. *See also McKee v. Harris,* 649 F.2d 927, 933 (2d Cir.1981). In this case, the district court performed such an inquiry and determined that good cause did not exist for the substitution of counsel. In evaluating whether a trial court's denial of motion for continuance or substitution of counsel constituted an abuse of discretion, *United States v. Mastroianni,* 749 F.2d 900, 913–14 (1st Cir.1984), the appellate court should consider several factors, including the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. *Hudson v. Rushen,* 686 F.2d 826, 829 (9th Cir.1982).

**2.** The text of the exchange is as follows:
"The Court: Now I do want to hear Mr. Walker on this question of representation. I read Mr. Allen's letter. The fact that he has disagreed with Mr. Walker on the matter of whether it is in his best interests to enter a change of plea has nothing to do with Mr. Walker's capability of trying the case. It is not unusual for clients to reject their attorney's advice on the matter of whether it is in their best interest to plead or to go forward. That is the system. That is not unusual. This has nothing to do with Mr. Walker's capability of presenting the case and presenting a defense. It may be he will be proved to be wrong. The jury may acquit Mr. Allen. That is what we are here for. What more is there to it than that, Mr. Walker?
Mr. Walker: I don't think there is much, your Honor. I don't want to get into a dispute with Mr. Allen, but do want to say, your Honor, some of the statements of the letter I just don't have—[interrupted by the Court]."

**3.** The text of the exchange is as follows:
"The Court: Let me ask you to stand please, Mr. Allen. What else is there to your posi-

tion? Mr. Walker is trying cases in this court in all its sessions more or less constantly, and your defense will be well presented. You think he gave you bad advice, and maybe he did. Maybe the jury will vindicate your position and not his. But there is nothing personal, if you will. In other words, that is just a professional opinion and no more. So have you anything to add to what I have said by way of your desire to discharge, if you have a desire to discharge, Mr. Walker?
The Defendant: Well, your Honor, I have already spent a short period of time conferring with Mr. Walker about this case, and he doesn't really even know the whole story on the trial or the case."

**4.** Appellant's right was to effective counsel, not to counsel of his own choice at any cost in terms of delay. *Poulak,* 556 F.2d at 86. This restraint is to ensure that the right is not manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.

First, as to timeliness, although appellant's letter was received by the clerk's office two weeks prior to trial, appellant did not file any motion with the court. It was only at the prosecutor's suggestion, on the first day of trial, that the court initiated a discussion with appellant and interpreted his comments as a request for a continuance. *See United States v. Llanes*, 374 F.2d 712, 717 (2d Cir.1967) ("Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay.").

Second, the court's inquiry, rather than being insufficient as the appellant claims, was comprehensive. We are convinced after reading the transcript of the proceedings that the district court was assured that Federal Defender Walker had consulted sufficiently with appellant, that Walker was prepared, and that his advice to the defendant to plea bargain was not aberrational.[5] The court convened a session at which appellant's complaint was aired. The court invited appellant to make a statement, listened to his reasons for being dissatisfied with his counsel, and found them to be without merit. Moreover, the court assured appellant that a continuance would be granted during the trial when appellant believed his counsel was unprepared for a particular issue.

■ Third, good cause did not exist for assignment of new counsel. All that exists on the record is appellant's own loss of confidence in his attorney. Good cause for substitution of counsel cannot be determined "solely according to the subjective standard of what the defendant perceives." *McKee*, 649 F.2d at 932. Although loss of trust is certainly a factor in assessing good cause, it is, standing alone, insufficient. *Thomas*, 767 F.2d at 742. The defendant must provide the court with a legitimate reason for his loss of confidence. *McKee*, 649 F.2d at 932.

■ Appellant's asserted reasons for his loss of trust—that counsel had prejudged him and that counsel was not prepared for trial—were not borne out by the record. Walker had not prejudged his client, but merely had suggested that it was in appellant's best interest to plead guilty rather than go forward to trial. And the district court did not doubt Walker's trial preparation. After trial, the district court stated:

"[T]he court cannot conceive of a more cogent presentation of the defendant's defense. He testified, in comprehensive fashion. The various objections to government evidence were all well stated and preserved. The question was one of credibility.... I cannot think of a better defense than was presented here, or a trial that was more carefully conducted on behalf of a defendant."

Our review of the record convinces us that Walker's representation of appellant at the trial was, to say the least, more than adequate. Thus, the district court did not abuse its discretion in refusing to appoint a new attorney for appellant or granting a continuance. *United States v. Mastroianni*, 749 F.2d 900, 913–14 (1st Cir.1984).

■ Appellant's second argument is that the district court's failure to respond to his implicit request to proceed pro se violated his Sixth Amendment rights. It is now well-established that persons accused of a crime not only have the right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), but also enjoy the inverse right to waive the assistance of counsel if they intelligently and voluntarily decide to conduct their own defense, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). And when the accused informs the court that he wishes to defend himself, the court should advise him of his right to an attorney, his right to self-representation, and the decided advantage of competent legal representation. *See, e.g., United States v. Tompkins*, 623 F.2d 824, 828 (2d Cir.1980).

5. One basis for Walker's recommendation was that appellant's codefendants had changed their pleas to guilty on January 29, 1985. At appel-

lant's trial, these individuals testified extensively about appellant's role in a marijuana importation scheme.

■ In this case, appellant made no indication of a desire to proceed without counsel. To the contrary, in expressing dissatisfaction with appointed counsel, appellant appealed to the discretion of the court to grant a continuance or substitute new counsel. In his letter to the magistrate, appellant wrote:

> "At this time I am in no position to hire an attorney, because I don't have any money. With the proper defense, I'm sure I can prove my innocence and be exonerated of this crime. . . . How much justice can I afford?"

During the pre-trial colloquy with the district judge, appellant had further opportunity to indicate his desire to represent himself, but he failed to do so. When asked if he had anything to add to the discussion, appellant discussed only his attorney's lack of preparation. The district court correctly treated these comments as a request for continuance. We cannot accept appellant's claim that such comments constituted an implicit request to proceed pro se. *See Moreno v. Estelle,* 717 F.2d 171, 175 (5th Cir.1983) ("We cannot infer from the defendant's general request to the court to dismiss his attorney that he desired to waive counsel and continue the trial pro se.").

While "the right to counsel is in force until *waived,* the right of self-representation does not attach until *asserted*". *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir.1982) (en banc) (emphasis in original); *id.* at 612–13 (Hill, J., dissenting). In this case, the right of self-representation did not attach.

*The judgment of the district court is therefore affirmed.*