**UNITED STATES of America, Plaintiff,**

v.

**Henry ANDREWS and Jerome Crowder, Defendants.**

**No. 89 CR 908.**

United States District Court, N.D. Illinois, E.D.

Dec. 4, 1990.

See also 754 F.Supp. 1189.

---

William Hogan, Ted Poulous, Asst. U.S. Attys., Chicago, Ill., for U.S.

Gary Ravitz, Chicago, Ill., for Henry Andrews.

Robert Clarke, Chicago, Ill., for Thomas Bates.

Edna Selan Epstein, Chicago, Ill., for Jeff Boyd.

Sheldon Nagelberg, Chicago, Ill., for George Carter.

Victor Pilolla, Oak Park, Ill., for Edgar Cooksey.

David Thomas, Chicago, Ill., for Andrew Craig.

Carl Clavelli, Chicago, Ill., for Jerome Crowder.

Standish Willis, Chicago, Ill., for Lawrence Crowder.

Marianne Jackson, Chicago, Ill., for William Doyle.

Rick Halprin, Chicago, Ill., for Charles Green.

Jim Epstein, Chicago, Ill., for Louis Hoover.

Chris Averkiou, Chicago, Ill., for J.L. Houston.

Robert Raab, Chicago, Ill., for Isiah Kitchen.

Marc Kadish, Chicago, Ill., for Alan Knox.

James A. McGurk, Chicago, Ill., for Sammy Knox.

Keith Spielfogel, Chicago, Ill., for Roland Lewis.

Ron Clark, Chicago, Ill., for Felix Mayes.

Marty Agran, Chicago, Ill., for Derrick Porter.

Adam Bourgeois, Chicago, Ill., Robert F. Simone, Philadelphia, Pa., for Noah Robinson.

James Graham, Chicago, Ill., for Michael Sardin.

Ron Bredemann, Park Ridge, Ill., for James Speights.

Rick Jalovec, Chicago, Ill., for Freddie Elwood Sweeney.

June Fournier, RFD Long Grove, Ill., for Melvin Tillman.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Henry Andrews and Jerome Crowder have filed motions for substitution of counsel.[1] For the reasons discussed below, these motions are denied.

### Discussion

It is well established that "[a]n indigent criminal defendant has an absolute right to be represented by counsel, but he does not have the right to have a particular lawyer represent him, ... nor to demand a different appointed lawyer except for good cause." *Thomas v. Wainwright,* 767 F.2d 738, 742 (11th Cir.1985) (citing *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); *see also United States v. Allen,* 789 F.2d 90, 92 (1st Cir.1986), *cert. denied,* 479 U.S. 846, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986). In the Seventh Circuit, "a motion for substitution of counsel is reviewable only for an abuse of discretion, provided that the defendant has been given an opportunity to explain the reasons for his request." *United States v. Horton,* 845 F.2d 1414, 1417 (7th Cir.1988). A district court need not grant such a motion unless "there exists a demonstrable conflict of interest or if counsel and defendant are so at odds as to prevent presentation of an adequate defense." *United States v. Hillsberg,* 812 F.2d 328, 333 (7th Cir.), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987); *see also United States v. Whaley,* 788 F.2d 581, 583 (9th Cir.) (similar test), *cert. denied,* 479 U.S. 962, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986); *United States v. Gallop,* 838 F.2d 105, 108 (4th Cir.) (same), *cert. denied,* 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Allen,* 789 F.2d at 92 (same).

---

1. Although five other defendant's have filed motions for substitution, each of these motions has become moot because we have granted their attorney's motions for withdrawal.

Andrews and Crowder have each filed a detailed factual statement outlining the reasons he believes he is entitled to a new attorney. Neither defendant, however, has asserted a "demonstrable conflict of interest" or facts that show he and his attorney are "so at odds as to prevent presentation of an adequate defense." The central complaint that they both have with their attorneys is disagreement about the value of motions the defendants believed were important to their cases. Crowder asserts that his attorney ignored his requests to file a motion concerning prosecutorial misconduct at the Grand Jury proceedings and a proposed severance plan in support of a motion to sever. Andrews similarly states that his attorney has failed both to "file for bond on behalf of defendant" and to file a "Speedy Trial Motion."

Under these circumstances, neither defendant is entitled to a new attorney. Disagreements over trial strategy and a tempestuous relationship do not amount to a conflict necessitating substitution. *Hillsberg*, 812 F.2d at 333–34 (denial of substitution motion need not be granted "where defendant and counsel have personality conflicts and disagreements over trial strategy"); *cf. United States v. Morris*, 714 F.2d 669, 673 (7th Cir.1983) (upholding denial of motion for substitution that alleged only "ethereal distrust" of counsel); *Wainwright*, 767 F.2d at 742 ("defendant's general loss of confidence or trust in his counsel, standing alone, is not sufficient").

### Conclusion

For the foregoing reasons, defendants' motions for substitution are denied. Both defendants are represented by talented and able attorneys, each of whom will certainly present a zealous and adequate defense on his client's behalf. It is so ordered.