[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1982

 UNITED STATES,

 Appellee,

 v.

 EARL PERSON,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Raymond J. Pettine, Senior U.S. District Judge]
 

 

 Before

 Cyr and Boudin, Circuit Judges,
 
 and Burns,* Senior District Judge.
 

 

James A. Ruggiero on brief for appellant.
 
Lincoln C. Almond, United States Attorney, Margaret E. Curran,
 
Assistant United States Attorney, Kenneth P. Madden, Assistant United
 
States Attorney, and Lawrence D. Gaynor, Assistant United States
 
Attorney, on brief for appellee.

 

 June 8, 1993
 

 
*Of the District of Oregon, sitting by designation.

 Per Curiam. Defendant Person was convicted by a
 Per Curiam
 

jury on one count of conspiracy to distribute cocaine and

two counts of distribution of cocaine. Person appeals the

district court's denial of his request to change attorneys

and the court's failure to depart downward from the career

offender sentencing guideline range. 

 Substitution of counsel. 
 

 On March 16, 1992, the court impaneled ten

jurors;1 impanelment was continued when the jury pool was

exhausted. At some point during the proceeding, Person

informed the court he wanted to retain private counsel.2

Impanelment was continued to April 2, 1992, the day of

trial. On the day of trial,3 Person informed the court his

family could not afford to pay an attorney and requested a

 

1Although no transcript of the March 16 proceeding was
submitted to this panel, these facts were summarized to the
district court by Person as reflected in the transcript of
the proceedings held April 2, 1992, and by the parties in
their respective briefs. The parties do not dispute these
facts.

2Neither the parties nor the transcript of April 2 indicate
whether Person made specific complaints about his court-
appointed counsel during the March 16 proceeding.

3Although the transcript is murky on the exact sequence of
events April 2, Person's request to substitute counsel
occurred either immediately prior to, during, or following
the completion of jury impanelment on the day of trial. 

 -2-
 2

change of counsel because of statements purportedly made by

Thomas Grasso, Person's court-appointed attorney, after the

March 16 proceeding. At the same time, Grasso moved to

withdraw on the ground that his relationship with his client

was antagonistic.4 Person contends the court denied his

request to change counsel without adequate inquiry.

 The Sixth Amendment to the United States

Constitution guarantees assistance of counsel to a person

accused of criminal conduct. See Gideon v. Wainwright, 372
 

U.S. 335, 342-45 (1963). The purpose of providing, when

necessary, court-appointed counsel is to ensure criminal

defendants receive a fair trial. Strickland v. Washington,
 

466 U.S. 668, 689 (1984). As this court has noted before,

an accused has a right to be represented by counsel; he does

not, however, have a right "to demand a different appointed

lawyer except for good cause." United States v. Allen, 789
 

F.2d 90, 92 (1st Cir.), cert. denied, 479 U.S. 846 (1986).
 

See also United States v. Richardson, 894 F.2d 492, 496 (1st
 

Cir. 1990) ("The right of an accused to counsel of his

choice ... is not absolute"). "[T]he appropriate inquiry

focuses on the adversarial process, not on the accused's

 

4Grasso stated he was "renewing" his motion to withdraw as
counsel for defendant. Again, the record does not reflect
his first motion, but the parties do not dispute this fact.

 -3-
 3

relationship with his lawyer as such." Wheat v. United
 

States, 486 U.S. 153, 159 (1988) (quoting United States v.
 

Cronic, 466 U.S. 648, 657 n.21 (1984)). 
 

 We review the district court's denial of a request

for substitution of court-appointed counsel for abuse of

discretion. Richardson, 894 F.2d at 496.
 

 In evaluating a district court's denial of a

request for substitution of counsel, we consider the

timeliness of the request, whether the district court

adequately inquired into the complaint, and whether the

attorney-client conflict was great enough to prevent an

adequate defense. Allen, 789 F.2d at 92. The record
 

reflects Person's request occurred the day trial was to

begin (in other words, in an untimely fashion at the

eleventh hour); Person had adequate opportunity to persuade

the district court that Person's complaints about his

attorney constituted good cause for substitution of

counsel;5 and the district court appropriately determined

the conflict between Person and his attorney was not great

enough to prevent an adequate defense. After considering

 

5We note Person did not complain that Grasso was unprepared
for trial and that Grasso presented the court with
additional voir dire questions, indicating some degree of
preparation.

 -4-
 4

each of these factors, we find the district court did not

abuse its discretion when it denied Person's request to

change court-appointed counsel.

 Downward departure from career offender guideline
 

range.
 

 Before sentencing, the court directed counsel to

brief the issue of whether the court had the authority to

depart downward from the sentencing guideline range if

defendant were a career offender. Person contends the court

incorrectly concluded it did not have the authority to

depart downward and, as a result, sentenced Person within

the career offender guideline range. We do not agree with

Person's contention.

 A sentencing court's decision not to depart

downward is ordinarily unappealable, United States v.
 

Tardiff, 969 F.2d 1283, 1290 (1st Cir. 1992), unless the
 

decision is based on a "mistaken view that it lacks the

legal authority to consider a departure." United States v.
 

Romolo, 937 F.2d 20, 22 (1st Cir. 1991).
 

 At sentencing, the district court found Person to

be a career offender. Although the First Circuit has not

directly addressed whether a court may depart downward when

sentencing a career offender, the district court noted those

 -5-
 5

courts that have departed downward from the career offender

guideline range primarily "did so when they found ... the

career offender status over-represented the defendant's

criminal history." See, e.g., United States v. Beckham, 968
 

F.2d 47, 54 (D.C.Cir. 1992); United States v. Bowser, 941
 

F.2d 1019, 1023-24 (10th Cir. 1991); United States v.
 

Pinckney, 938 F.2d 519, 521 (4th Cir. 1991); United States
 

v. Lawrence, 916 F.2d 553, 554-55 (9th Cir. 1990). See
 

generally United States Sentencing Guidelines 4A1.3
 

(Policy Statement). After careful consideration of Person's

criminal history and the circumstances of his criminal

conduct, the district court concluded it would not depart

downward in this instance.

 We find the district court did not sentence

Person within the career offender guideline range based on

an erroneous determination that it lacked authority to

consider a downward departure. The court did not hold that

it could not (i.e., lacked legal authority) to depart

downward, but rather found and held that it would not. The

district court's decision not to depart downward 

 -6-
 6

is, therefore, unappealable. See United States v. Tardiff,
 

969 F.2d at 1290. 

 Based on the foregoing, the judgment of the

district court 

is

 Affirmed.
 

 -7-
 7