[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit
_____

No. 99-1549

AMBROSE L. DEVANEY,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

_____

Before

Torruella, Chief Judge,

Lipez, Circuit Judge,

and Schwarzer,* Senior District Judge.

_____

Owen S. Walker, Federal Defender Office, for appellant.
Victor A. Wild, Assistant U.S. Attorney, with whom Donald K. Stern, United States Attorney, and Paul G. Levenson, Assistant U.S. Attorney, were on brief, for appellee.

_____

_____

* Of the Northern District of California, sitting by designation.

July 12, 2000
_____

**SCHWARZER, <u>Senior District Judge</u>**. Ambrose Devaney appeals from the denial of his § 2255 motion charging ineffective assistance of counsel in his earlier trial in which he was convicted of conspiracy, fraud and money laundering charges. Following affirmance of the conviction, <u>see</u> <u>United States</u> v. <u>Smith</u>, 46 F.3d 1223 (1st Cir. 1995), Devaney filed the instant motion.

Briefly stated, the relevant facts are as follows. Four days before the scheduled trial date, Devaney appeared before the district court and requested leave to change counsel and a continuance of the trial to allow his proposed new counsel time to prepare for trial. Devaney asserted that his present counsel had geared his defense solely to making a deal with the government, that they did not have an accurate grasp of the case, and that they could not protect him. The court denied the request to delay the trial, observing that Devaney's counsel were competent and skilled attorneys who had adequately represented him up to now and appeared to be well prepared for trial. The court noted further that it considered the request to be an effort to obtain the severance that had previously been denied.

The case proceeded to trial at which the jury found Devaney guilty on one count of conspiracy, three counts of bank fraud, and one count of money laundering but acquitted him on three bank fraud counts and three money laundering counts. We affirmed the conviction but did

not rule on Devaney's ineffective assistance of counsel claim. <u>See</u> <u>Smith</u>, 46 F.3d at 1236.

Devaney then filed the instant motion on the ground of ineffective assistance of counsel. The district court denied the motion without a hearing on April 16, 1999, <u>see</u> <u>Devaney</u> v. <u>United States</u>, 47 F. Supp. 2d 130 (D. Mass. 1999), and granted a certificate of appealability. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Devaney argues first that the district court erred in dismissing the motion because, in denying his request for a continuance, it had failed to let him explain the substance of his complaints about his counsel. Devaney cites <u>United States</u> v. <u>Prochilo</u>, 187 F.3d 221 (1st Cir. 1999), in support. <u>Prochilo</u> held that "[w]here the accused voices objections to appointed counsel, the trial court should inquire into the reasons for dissatisfaction." <u>Id.</u> at 225, citing <u>United States</u> v. <u>Allen</u>, 789 F.2d 90, 92 (1st Cir. 1986). Because the district court in <u>Prochilo</u> denied the motion for a continuance to permit a substitution of counsel without hearing or other inquiry, the judgment was reversed. <u>Id.</u> Unlike in <u>Prochilo</u>, here the district court held a hearing to inquire into Devaney's request and after hearing from Devaney, determined that good cause did not exist for continuing the trial date.

-4-

We review the district court's ruling for abuse of discretion. See United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). We take into account the trial court's discretion to balance the defendant's interest in retaining counsel of his choice against "the public's interest in the prompt, fair and ethical administration of justice." United States v. Richardson, 894 F.2d 492, 495 (1st Cir. 1990). Considering the untimeliness of the request for continuance, the fact that the court gave Devaney an opportunity to state the grounds for his dissatisfaction, the lack of substance of the stated grounds, and the circumstances of Devaney's request which raised a suspicion that it was not in good faith, we find no abuse of discretion.

Devaney's second ground of appeal is that, because factual disputes existed, the district court erred in denying the motion without an evidentiary hearing. "[E]videntiary hearings on motions are the exception, not the rule . . . . Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). The court acted well within its discretion in denying the motion without a hearing, particularly considering that Devaney did not request one. In a thorough opinion, the court reviewed the submissions in support of the motion and found that they did not entitle Devaney to relief. See Devaney, 47 F. Supp. 2d at 132-33. The

court, moreover, was well-situated to assess the ineffectiveness of counsel claim, having presided over the trial. <u>See</u> <u>McGill</u>, 11 F.3d at 225. We find no error.

For the foregoing reasons, the denial of the motion is affirmed.

**AFFIRMED.**