**UNITED STATES of America,
Appellee,**

v.

**Raymond ALVARADO–TORRES,
Appellant.**

No. 99–2275.

United States Court of Appeals,
First Circuit.

March 16, 2001.

H. Manuel Hernandez, on brief, for appellant.

Before SELYA, LYNCH, and LIPEZ, Circuit Judges.

PER CURIAM.

Raymond Alvarado–Torres pled guilty to conspiring to assault a United States postal employee, conspiring to steal $24,487.00 from that employee, and to aiding and abetting in the assault and robbery (Counts II and III of the indictment, respectively). As a result, he was sentenced to 60 months in prison as to Count II and 85 months in prison as to Count III,

to be served concurrently. He now appeals from this sentence.

Appellate counsel has filed a brief, as required by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that the case presents no meritorious grounds for appeal and has filed a motion to withdraw as counsel. Alvarado–Torres has been notified of his right to file a separate brief and has not elected to do so. After a full and independent review of the record, we find that there are no meritorious grounds for appeal.

Appellant's *Anders* brief asserts that the district court committed error by forcing Alvarado–Torres to proceed pro se during a portion of his sentencing hearing without first obtaining an express waiver of his right to be represented by counsel. At issue is an exchange between the sentencing judge and Alvarado–Torres. After defense counsel made an argument about why the defendant's young age merited a lower sentence, the court addressed Alvarado–Torres and asked if he had anything to add in support of that request. The defendant responded that he admitted his participation in the post office robbery as a lookout, but that he could not admit to possession of weapons because he never had them. The court explained that the pre-sentence report reflected the fact that as a lookout he was a minor participant and accordingly recommended a decreased offense level. Alvarado–Torres reiterated his concern about the "weapons charge." The court further explained that

> [w]hat happens is that when you are charged with aiding and abetting—and you pled guilty to that—everyone is responsible for the other's conduct. So even if you were not inside the post office, but you participated and aided and abetted in this offense, then you are also guilty as a principal.

Following the court's explanation, defense counsel interjected and suggested that his client's confusion probably stemmed from a "five-level increase because a weapon was brandished." The court explained again the reasons for the five-level increase in the defendant's offense level, saying: "Well, because he's been charged with conspiracy and aiding and abetting, then the actions of the other co-defendant are imputed to him. So that's the law. And the idea behind the law is that those who help commit an offense are also responsible as the principals." Alvarado–Torres asked a few more questions, and ultimately asked the court to consider the fact that he only served as a lookout. The court replied that it would consider everything in sentencing.

In its exchange with the defendant, the court followed Federal Rule of Criminal Procedure 32(c)(3)(C), which requires the court to "address the defendant personally and determine whether he wishes to make a statement and to present any information in mitigation of the sentence." By allowing Alvarado–Torres to speak and then attempting to clear up his apparent confusion about why his co-defendants' actions could be imputed to him, the court did not effectively force the defendant to proceed pro se. Defense counsel participated in the conversation between the defendant and the court. At no time did Alvarado–Torres express any desire to proceed pro se. *See United States v. Allen*, 789 F.2d 90, 94 (1st Cir.1986) (right to self-representation does not attach until asserted). Thus, no circumstances were presented that would require the court to inform Alvarado–Torres of the consequences of waiving counsel, and correspondingly, to determine that the waiver was knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)

(requiring a knowing and intelligent waiver before right to assistance of counsel can be waived). No error occurred.

Because this case presents no meritorious issues for appeal, we affirm appellant's sentence and grant counsel's motion to withdraw.

*Affirmed.*