**Scott C. CIAK, Plaintiff–Appellant,**

v.

**John J. ARMSTRONG, Angel Quiros, Richard Hutchings, Joseph Negron, Michael Bonzagni, Dennis C. Coyle, Defendants–Appellees.**

No. 01–187–PR.

United States Court of Appeals, Second Circuit.

May 3, 2004.

Scott C. Ciak, Whitedeer, PA, for Appellant, pro se.

Steven R. Strom (Richard Blumenthal, Attorney General of the State of Connecticut), Hartford, CT, for Appellee, of counsel.

Present: SACK, SOTOMAYOR, Circuit Judges, and Lewis A. KAPLAN, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff-appellant Scott Ciak appeals from the judgment of the district court granting summary judgment to the defendants, officials of the Connecticut Department of Corrections, after a bench trial to determine, *inter alia,* whether there were factual issues to be submitted to the jury. The magistrate judge determined that there were no genuine issues of material fact on Ciak's claim under 42 U.S.C. § 1983 that the defendants violated his Eighth Amendment rights and therefore granted summary judgment to the defendants.

We review a grant of summary judgment *de novo. Parker v. Columbia Pictures Industries,* 204 F.3d 326, 332 (2d

* Of the United States District Court for the Southern District of New York, sitting by designation.

Cir.2000). "In determining whether summary judgment was appropriate, we must resolve all ambiguities and draw all inferences in favor of the non-moving party, and we will affirm only if the record reveals no genuine issue of material fact for trial." *Id.*

■ Ciak's first claim is that the magistrate judge erred by not providing the ten-day notice required by Fed.R.Civ.P. 56(c). The magistrate judge provided the parties with four days' notice of his intent to determine, pursuant to Fed.R.Civ.P. Rule 56 and after a bench trial pursuant to Fed. R.Civ.P. Rule 42, whether any factual issues remained that would require resolution by a jury.

Although we have expressed a preference for strict adherence to the ten-day notice requirement, *see Gutwein v. Roche Labs., Div. of Hoffman–LaRoche, Inc.,* 739 F.2d 93, 95 (2d Cir.1984), we have nonetheless recognized in similar contexts that this rule is not absolute. *See, e.g., In re G. & A. Books, Inc.,* 770 F.2d 288, 295 (2d Cir. 1985). The essential inquiry before the court is whether "the appellant should reasonably have recognized the possibility" that the court might dispose of the appellant's claims on summary judgment after the bench trial or whether he was "deprived of a reasonable opportunity" to demonstrate the existence of factual issues. *Id.*

As noted, the magistrate judge informed both parties of the possibility that he would grant summary judgment should he determine that there were no factual issues to be submitted to a jury. Ciak was then given ample opportunity to present evidence demonstrating the need for a trial at the hearing. At the conclusion of the hearing, Ciak, then represented by counsel, reiterated his understanding that the magistrate judge would grant summary judgment should he conclude that no genuine issues of material fact existed. There-

fore, Ciak reasonably should have known that the judge might grant summary judgment to the defendants even without the ten-day notice.

■ Ciak next asserts that the district court erred in granting summary judgment to the defendants because genuine issues of material fact remained. We disagree. Ciak has failed to show entitlement to either equitable or legal relief for the alleged violations of his Eighth Amendment rights. Regarding his claims for equitable relief, even assuming that his claims have been properly exhausted, *see* 42 U.S.C. § 1997e(a), Ciak has not alleged irreparable injury or a likelihood of success. *See Able v. United States,* 44 F.3d 128, 130–31 (2d Cir.1995).

■ With respect to Ciak's claim for damages against the defendants in their individual capacities for their alleged violation of his Eighth Amendment rights, the magistrate judge concluded that the defendants were protected by qualified immunity. Qualified immunity "shields government officials performing discretionary— as distinct from ministerial—functions from liability for damages arising from their actions which do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kaminsky v. Rosenblum,* 929 F.2d 922, 925 (2d Cir.1991) (internal quotation marks omitted). To prove a violation of the Eighth Amendment, Ciak must demonstrate that the alleged discrete incidents of assault by a fellow inmate were "severe enough to be 'objectively, sufficiently serious,'" *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)), and that the defendants. acted with "deliberate indifference" to his safety, *Farmer,* 511 U.S. at 842. Assuming *arguendo* that Ciak could prove that his injuries were severe enough for Eighth Amendment

purposes, he fails to establish that the defendants acted with deliberate indifference, therefore failing to establish that the defendants in their inaction violated clearly established rights of which a reasonable person would have known. Indeed, Ciak acknowledged that he failed to inform the defendants of his fear of attack by the fellow inmate or to identify the inmate after he was attacked. Additionally, Ciak failed to demonstrate that the inmate attacked him as a result of the defendants's administrative decision, as he must do to recover compensatory damages. *See Atkins v. New York City,* 143 F.3d 100, 103 (2d Cir.1998).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.