**UNITED STATES of America Appellee,**

v.

**Nina BEST, also known as "Nina Baum", Defendant–Appellant.**

**Docket No. 05–0121–CR.**

United States Court of Appeals, Second Circuit.

Aug. 8, 2005.

Kevin R. Puvalowski, for David N. Kelley, United States Attorney, Southern District of New York (Deborah E. Landis, on the brief), for Appellee.

Paul K. Rooney, New York, N.Y. (Nathan Lewin, Lewin & Lewin, LLP, Washington, District Court, on the brief), for Defendant–Appellant.

PRESENT: CALABRESI, Circuit Judge, COTE,* District Judge.

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

On the day her trial was scheduled to begin, Nina Best, a.k.a., "Nina Baum," (hereinafter "Best") pled guilty to passport fraud under 18 U.S.C. § 1542. Nearly thirteen months later, she moved to withdraw her plea. Judge Lewis A. Kaplan, who had conducted the original allocution and accepted her plea, denied the motion. The defendant then made a recusal motion, which the district court also denied. On appeal, Best challenges both denials. We assume that the parties are familiar with the facts, the procedural history, and the scope of issues on appeal.

We affirm on substantially the grounds given by the district court. A district court has discretion to allow a defendant to withdraw a guilty plea "if there are valid grounds for withdrawal and if granting the motion would be fair and just, giving due regard to any prejudice the government might suffer as a result." *United States v. Couto*, 311 F.3d 179, 185 (2d Cir.2002) (citing *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997)). In the circumstances of this case, we find that the district court's decision was well within its discretion. *See United States v. Schmidt*, 373 F.3d 100, 102–103 (2d Cir.2004) (per curiam).

We have also considered the defendant's challenge to the district court's denial of the recusal motion and find it to be unavailing. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988) (finding that reversal of a district court's denial of a recusal motion is an "exceptional remedy" which requires a showing that the judge "clearly and indisputably" abused his discretion).

We have considered all of the defendant's other arguments, and find them to be without merit. Accordingly, we AFFIRM the judgment below.