RAYMOND C. FISHER, Circuit Judge,
concurring;
I concur in the result, but disagree with some of the reasoning offered by the majority opinion.
I. Sixth Amendment Right to Counsel
I agree with the majority’s assessment that the Sixth Amendment right to counsel actually encompasses several rights, including the right to choice of retained counsel, the right to effective assistance of counsel and the right to self-representation. I part company, however, with the majority’s conclusion that “we have no presently binding case law dictating the standards applicable in the situation in which a district court considers a defendant’s motion to discharge his retained counsel and be represented by a court-appointed attorney.” Maj. Op. 979.
*984 Appointed to Appointed Substitution. We have long held that, for purposes of the Sixth Amendment, denial of a defendant’s motion to replace appointed counsel with appointed counsel is governed by a three-part standard requiring a showing of good cause. See, e.g., United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990) (“We consider three factors ‘when reviewing the denial of a motion to substitute counsel: (1) timeliness of the motion; (2) adequacy of the court’s inquiry into the defendant’s complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.’ ”) (quoting United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985)), overruled on other grounds by United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir.2000); see 3 Wayne R. LaFave et al., Criminal Procedure § 11.4(b), at 703 (3d ed. 2007) (“The defendant has a right to substitution only upon establishing ‘good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead ... to an apparently unjust verdict.’ ”) (quoting McKee v. Harris, 649 F.2d 927, 931 (2d Cir.1981)) (alterations in original).
Appointed/Retained to Retained Substitution. By contrast, when a defendant seeks to replace existing counsel — whether retained or appointed — with retained counsel, she ordinarily need not establish good cause. See, e.g., United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 n. 2 (9th Cir.1991), abrogated on other grounds by Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); see also Miller v. Blacketter, 525 F.3d 890, 895 (9th Cir.2008) (no need to show prejudice); Bradley v. Henry, 510 F.3d 1093, 1099-1100 (9th Cir.2007) (en banc) (Clifton, J., concurring) (explaining that a defendant is generally free to replace counsel with retained counsel of choice unless the substitution “will result in an undue delay of the proceedings”).
This dichotomy exists because the defendant seeking to replace appointed counsel with appointed counsel and the defendant seeking to replace existing counsel with retained counsel are relying on different aspects of the Sixth Amendment right to counsel. A defendant who moves to replace appointed counsel with appointed counsel must rely on her Sixth Amendment right to effective assistance of counsel, which requires a showing of good cause — the constructive denial of counsel. See, e.g., United States v. Moore, 159 F.3d 1154, 1158 (9th Cir.1998) (“[I]f the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates [the defendant’s Sixth Amendment right to effective assistance of counsel.”).
On the other hand, a defendant who moves to replace existing counsel with retained counsel may rely on either her right to choice of counsel or her right to effective assistance of counsel. “When there is no threat of a delay in the proceedings,” she may, consistent with her right to choice of counsel, freely substitute one retained counsel for another, without showing that “the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense.” Torres-Rodriguez, 930 F.2d at 1380 & n. 2; see also id. at 1380 n. 2 (“If a defendant, much in advance of trial, wishes to substitute retained counsel for an appointed one, and no delay in trial will result, ... there is no reason to deny substitution whether or not the defendant has complaints against, or an irrevocable conflict with, his appointed counsel.”). Where substitution would result in delay, the defendant may replace existing counsel with retained counsel, but, consistent with her right to effective assis *985 tance of counsel, may do so only upon a showing of good cause. See id. at 1380 & n. 2; see also 3 LaFave, supra, § 11.4(c), at 716 (“As in the replacement of appointed counsel, if the defendant can establish that his current counsel would not be able to give him competent representation (as where a conflict of interest exists), the defendant’s constitutional right to the effective assistance of counsel demands granting such continuance as is necessary to substitute new [retained] counsel.”).
Retained to Appointed Substitution. Unlike the appointed-to-appointed and retained- or appointed-to-retained scenarios discussed above, the question presented here is what standard applies to a defendant’s motion to replace retained counsel with appointed counsel. Some courts have held that this scenario is governed by a defendant’s right to choice of counsel, such that a defendant can freely discharge retained counsel and obtain appointed counsel without establishing good cause. In People v. Ortiz, 51 Cal.3d 975, 275 Cal.Rptr. 191, 800 P.2d 547, 553 (1990), for example, the California Supreme Court concluded that a trial court may not “require an indigent criminal defendant to demonstrate inadequate representation by his retained attorney, or to identify an irreconcilable conflict between them, before it will approve the defendant’s timely motion to discharge his retained attorney and obtain appointed counsel.” Other courts, perhaps reflecting the principle that “the right to counsel of choice does not extend to defendants who require counsel to be appointed for them,” United States v. Gonzalez-Lopez, 548 U.S. 140, 151, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), have rejected Ortiz’s view and concluded that replacement of retained counsel with appointed counsel does require a showing of good cause. The First Circuit’s opinion in United States v. MotaSantana, 391 F.3d 42 (1st Cir.2004), exemplifies this view:
In the instant case, there are two actions of the court at issue: its refusal to allow Sanchez[, retained counsel,] to withdraw and its refusal to appoint substitute counsel. Were the only issue that of the appropriateness of the court’s refusal to permit withdrawal, Sanchez having been retained privately, there might be some question. As we said in United States v. Woodard, 291 F.3d 95, 107 (1st Cir.2002), a defendant is not ordinarily dependent on the court’s permission to replace retained counsel. But here the two actions merge, since defendant and his family ran out of funds to retain other private counsel and defendant sought court appointed counsel.
Id. at 46-47; see also id. at 47 (requiring the defendant, who had moved to replace retained counsel with appointed counsel, to show that “ ‘the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense’ ”) (quoting United States v. Allen, 789 F.2d 90, 92 (1st Cir.1986)).
Were we writing on a clean slate, as the majority believes we are, we would have to make a choice among the approaches exemplified in Ortiz and Motar-Santana. We are not, however, writing on a clean slate. We have already held that, for purposes of the Sixth Amendment, a motion to substitute retained counsel with appointed counsel requires a showing of good cause. See Schell v. Witek, 218 F.3d 1017, 1024-25 (9th Cir.2000) (en banc); Bland v. Cal. Dep’t of Corr., 20 F.3d 1469, 1475 (9th Cir.1994), overruled in part by Schell, 218 F.3d at 1025. Those opinions are binding on us, and it is the majority’s refusal to recognize them as binding precedent that causes me to write separately.
*986 In Bland, we held that a motion to replace retained counsel with appointed counsel is governed by the same good cause standard that governs a motion to replace appointed counsel with appointed counsel. See Bland, 20 F.3d at 1475 (relying on Walker, 915 F.2d at 482, an appointed-to-appointed substitution case). We required the defendant to show good cause, such as an “irreconcilable conflict,” to establish a right to substitution. Id. at 1475, 1477. Although Bland was a habeas case, Schell subsequently clarified that Bland described the “correct methodology for reviewing federal cases on direct appeal.” Schell, 218 F.3d at 1024-25. Taken together, Bland and Schell hold that a motion to substitute retained counsel with appointed counsel in federal district court proceedings requires a showing of good cause.
I am not persuaded by the majority’s attempts to avoid Bland and Schell. First, the majority’s suggestion to the contrary notwithstanding, Schell did not overrule Bland in any respect relevant here. See Maj. Op. 980-81. Although Schell overruled Bland as applied to habeas review, Schell expressly and specifically confirmed Bland’s good cause standard as applied to “federal cases on direct appeal” — the issue presented here. Schell, 218 F.3d at 1024-25.
Second, the majority’s conclusion that Schell “does not control in the current circumstances” because it addressed “substitution of appointed counsel” reflects a fundamental misunderstanding of Schell. Maj. Op. 981 n. 3. The majority apparently concludes that nothing Schell had to say could be binding here because Schell involved a motion to replace appointed counsel with appointed counsel rather than, as in this case, a motion to replace retained counsel with appointed counsel. That suggestion, as well as the majority’s labeling of the relevant discussion in Schell as “dicta,” misses the point. In Schell, a case involving appointed-to-appointed substitution, we went en banc to overrule Bland, a case involving retained-to-appointed substitution. Schell is therefore premised on the proposition that motions to substitute existing counsel with appointed counsel are governed by the same standard regardless of whether existing counsel is retained (as in Bland) or appointed (as in Schell and Walker). A proposition necessary to the holding cannot be dicta. See, e.g., City of Sausalito v. O’Neill, 386 F.3d 1186, 1203-04 (9th Cir.2004). If, as the majority suggests, retained-to-appointed substitution and appointed-to-appointed substitution are governed by different standards, then Bland could not have served as precedent in Schell, Schell would not have been affected by Bland, Schell would have had no cause to address Bland in en banc proceedings and Schell’s overruling of Bland would have been essentially an advisory opinion. Contrary to the majority’s suggestion, both Bland and Schell necessarily held that retained-to-appointed and appointed-to-appointed substitutions are governed by the same legal standard — i.e., good cause. We are bound by that holding.[1]
For purposes of the Sixth Amendment analysis, therefore, I would hold that we are bound by circuit precedent to review Rivera-Corona’s motion to replace retained counsel with appointed counsel under the same good cause standard we apply to motions to substitute one appointed *987 counsel for another. Applying that standard here, I agree with the majority that the district court failed to conduct an adequate inquiry in response to Rivera-Corona’s motion. See Maj. Op. 983 n. 6.[2] I would vacate and remand on that basis.
I emphasize that I would apply the good cause standard because I believe we are required to do so by the doctrine of stare decisis. See, e.g., In re Tippett, 542 F.3d 684, 691-92 (9th Cir.2008); Miller v. Gammie, 335 F.3d 889, 899 (9th Cir.2003) (en bane). In Ortiz, the California Supreme Court offered a number of strong arguments for the proposition that the replacement of retained with appointed counsel should not require a showing of good cause. Were we truly writing on a clean slate, those arguments might well prevail. In my view, however, we are constrained by precedent to apply the good cause standard here.
II. Statutory Rights under the Criminal Justice Act
As the majority explains, Rivera-Corona may also have a right to substitution of counsel under the Criminal Justice Act, which provides in relevant part: “If at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel ... and authorize payment ..., as the interests of justice may dictate.” 18 U.S.C. § 3006A(c). This provision “obliges the judge to continually reevaluate the need for appointed counsel as the underlying proceeding progresses.” In re Boston Herald, Inc., 321 F.3d 174, 193 (1st Cir.2003).
Rivera-Corona did not explicitly raise § 3006A(c) in the district court or on appeal. Assuming that Rivera-Corona nonetheless adequately invoked the provision, I agree with the majority that the district court should have conducted an “appropriate inquiry” into Rivera-Corona’s financial eligibility for mid-case appointment of counsel and an adequate analysis of whether counsel should have been appointed in the “interests of justice.” 18 U.S.C. § 3006A(b)-(c); see also United States v. Parker, 439 F.3d 81, 92-99 (2d Cir.2006) (discussing the “appropriate inquiry” requirement, as well as the “interests of justice” analysis). The interests of justice may dictate mid-case appointment of counsel when the defendant (or his family) is no longer able to pay retained counsel. As the majority points out, such an unpaid lawyer may, consciously or subconsciously, “resent the transformation of an agreement to represent a defendant for pay into an involuntary pro bono arrangement, and therefore seek to end the representation as expeditiously as possible.” Maj. Op. 982. On remand, therefore, the district court should also consider whether mid-case appointment of counsel is independently appropriate under the § 3006A(c), assuming Rivera-Corona seeks relief under that provision.
To conclude, I part company with the majority’s conclusion that, for purposes of *988 Sixth Amendment analysis, the good cause standard does not apply to motions to substitute retained counsel with appointed counsel. I believe we are bound by Bland and Schell to apply that standard here. I nonetheless concur in the judgment, because the district court failed to conduct an adequate inquiry, as required by Bland and Schell, in response to Rivera-Corona’s motion to replace retained counsel with appointed counsel.

. As noted above, I recognize that Schell concerned habeas review rather than direct federal review. Schell’s holding that retained-to-appointed and appointed-to-appointed substitution are subject to the same legal standards, however, does not distinguish between the two and therefore is binding on direct review as well.

. On remand, the court’s good cause inquiry should consider not only whether there was an irreconcilable conflict between Rivera-Corona and his attorney but also any other evidence tending to establish that proceeding with retained counsel would have resulted in ineffective assistance of counsel. In particular, as relevant here, the district court should consider whether Rivera-Corona’s inability to continue paying his retained counsel established a basis for substitution. See Ortiz, 275 Cal.Rptr. 191, 800 P.2d at 553 ("We are justifiably concerned about the ... right to effective assistance of counsel when a defendant is forced to choose between proceeding to trial without an attorney or continuing to trial with an attorney originally hired to represent him but whom he no longer is able to pay.”).