· UNITED STATES of America,

v.

**Nina JAFARI, Defendant.**

**No. 13–CR–19–EAW.**

United States District Court,
W.D. New York.

Signed May 30, 2014.

---

Michael Digiacomo, U.S. Attorney's Office, Buffalo, NY, for United States of America.

## DECISION & ORDER

ELIZABETH A. WOLFORD, District Judge.

Defendant Nina Jafari ("Defendant") is charged with five counts of healthcare fraud allegedly in violation of 18 U.S.C. § 1347. (Dkt. 1). Trial was scheduled to commence on June 17, 2014. (Dkt. 39). On May 18, 2014, Defendant's attorney, Robert Ross Fogg, Esq. ("Mr. Fogg"),

filed a motion to withdraw as counsel. (Dkt. 50). The Court held a hearing on the motion to withdraw on May 27, 2014. (Dkt. 54). For the reasons set forth below, the motion to withdraw is granted.

## DISCUSSION

■ A district court should consider the following factors on a motion to withdraw as counsel: the timeliness of the motion; whether the issue between the defendant and her attorney is so great that it results in a total lack of communication preventing an adequate defense; and the extent to which the defendant's own conduct contributed to the communication breakdown. *United States v. Doe No. 1,* 272 F.3d 116, 123–124 (2d Cir.2001); *see also United States v. Simeonov,* 252 F.3d 238, 241 (2d Cir.2001); *United States v. Reyes,* 352 F.3d 511, 515 (1st Cir.2003); *United States v. Biear,* S3 09 Cr. 1185(PKC), 2012 WL 946964, at *3, 2012 U.S. Dist. LEXIS 37874, at *7 (S.D.N.Y. Mar. 20, 2012). The relevant considerations in this case are the timeliness of the motion and whether the issue between Defendant and Mr. Fogg is so great that it results in a total lack of communication preventing an adequate defense.

■ Courts are hesitant to grant motions to withdraw made on the eve of trial. *See United States v. Schwab,* 05–CR–6161L, 12–CV–6537L, 2013 WL 1681772, *3, 2013 U.S. Dist. LEXIS 55201, *7–8 (W.D.N.Y. Apr. 17, 2013) ("Certainly, an attempt by counsel to withdraw at the eleventh hour, for example, on the eve of trial, would be a circumstance to justify counsel's continued involvement."). A district court generally has discretion to determine when a motion is made "on the eve of trial." *See United States v. Fox,* 558 Fed.Appx. 66, 70–71, 2014 WL 943231, at *3 (2d Cir.2014) (district court was within its discretion to deny appointment of

new counsel when scheduled trial date was only five months away); *Reyes,* 352 F.3d at 515 (motion to withdraw filed one week before trial was untimely); *United States v. Myers,* 294 F.3d 203, 206 (1st Cir.2002) (withdrawal motion submitted months after conflict first developed and five days before sentencing was untimely); *United States v. Mangual–Corchado,* 139 F.3d 34, 42 n. 18 (1st Cir.1998) (motion to withdraw filed three weeks before trial could be untimely); *United States v. Zaccaria,* 95–CR–97S–29, 1997 WL 642985, *3, 1997 U.S. Dist. LEXIS 16329, *7 (W.D.N.Y. Apr. 11, 1997) ("we are two weeks from trial. It would wreak havoc on [defendant's] defense if he [was] forced to prepare and proceed to trial with a new lawyer.").

■ Mr. Fogg's motion to withdraw is not timely. Mr. Fogg was retained by Defendant prior to the filing of the Indictment on January 18, 2013. (Dkt. 1). A trial date of June 17, 2014, was set on January 15, 2014. (Dkt. 39). Despite the fact that Mr. Fogg has represented Defendant for well over a year, he filed a motion to withdraw less than one month before the start of trial, citing a communication deficiency between himself and Defendant which, according to his motion papers, has been an ongoing problem rather than a recent occurrence. (Dkt. 50 at ¶¶ 10–14). Accordingly, the Court finds that Mr. Fogg's motion is untimely and on the eve of trial.

■ However, even though untimely, the Court determines that withdrawal of counsel is appropriate due to the extent of the conflict between Defendant and Mr. Fogg, which would prevent an adequate defense. Generally, where there is a conflict between a defendant and her counsel, new counsel is not required unless the "'conflict [is] so great that it result[s] in total lack of communication preventing an

adequate defense.'" *Simeonov*, 252 F.3d at 241, quoting *United States v. Allen*, 789 F.2d 90, 92 (1st Cir.1986); *see also U.S. v. Baum*, 380 F.Supp.2d 187, 200 (S.D.N.Y.2005), *aff'd*, 139 Fed.Appx. 366 (2d Cir.2005) (granting counsel's application for withdrawal over the defendant's objection, where defense counsel stated that the attorney-client relationship had been "irreparably damaged" over the weeks leading up to the defendant's guilty plea). Additionally, "[i]t is settled that where a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." *Simeonov*, 252 F.3d at 241 (citing *McKee v. Harris*, 649 F.2d 927, 933 (2d Cir.1981)).

The Court held a hearing on Mr. Fogg's motion to withdraw on May 27, 2014. At the hearing, Defendant and Mr. Fogg indicated that they have experienced a complete breakdown in communication. Mr. Fogg stated that he has been unable to contact Defendant to discuss the case. Defendant's statements at the hearing indicated that she and Mr. Fogg have irreconcilable differences regarding Mr. Fogg's handling of the case. Most significantly, Defendant stated that she does not believe that Mr. Fogg is able to provide her with an adequate defense at trial.

 "[T]o compel one charged with a . . . crime to undergo trial with the assistance of an attorney with whom [she] has become embroiled in irreconcilable conflict is to deprive [her] of the effective assistance of counsel. . . ." *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir.1970). A defendant has a constitutional right to an adequate defense at trial. *See* U.S. Const. Amend. VI; *Doe # 1*, 272 F.3d at 122. Therefore, although untimely, Mr. Fogg's motion to withdraw as counsel is granted. Defendant is directed to retain new counsel. Defendant is further directed to ap-

pear with her new counsel at the status conference scheduled in this matter on June 18, 2014, at 1:30 p.m. at the United States Courthouse, 2 Niagara Square, Buffalo, New York. Mr. Fogg is directed to assist new counsel in order to provide for an orderly transition, and so that a new trial date may be selected without any unnecessary delay.

### CONCLUSION

For the foregoing reasons, Mr. Fogg's motion to withdraw as counsel for Defendant is granted.

SO ORDERED.